UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KERRIE CRAWFORD,<br><br>Plaintiff,<br><br>v.<br><br>SSA COMMISSIONER, et al.,<br><br>Defendants. | Case No. 5:26-cv-05898-EJD<br><br>**ORDER GRANTING IFP APPLICATION, DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: ECF Nos. 1, 2 |

Plaintiff Kerrie Crawford ("Plaintiff") has filed an application to proceed *in forma pauperis* ("IFP") in this action against the Social Security Administration.

## I.    APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Pursuant to 28 U.S.C. § 1915(a), a federal court may authorize a plaintiff to prosecute an action without prepayment of filing fees if the plaintiff submits an affidavit showing that she is financially unable to do so. Plaintiff has filed a completed IFP application from which it is evident that her income and assets are insufficient to enable her to pay the filing fees. Application, ECF No. 2. Therefore, Plaintiff's application to proceed IFP is **GRANTED**.

## II.    DISMISSAL OF COMPLAINT WITH LEAVE TO AMEND

The Court must review any complaint filed pursuant to the IFP provisions of § 1915(a) to determine whether the complaint is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *see also Giselle N. v. Kijakazi*, 694 F. Supp. 3d 1193, 1195 (N.D. Cal. 2023) (confirming that social security case complaints are subject to the provisions of

Case No. 5:26-cv-05898-EJD
ORDER GRANTING IFP APPL.; DISMISSING COMPL. WITH LEAVE TO AMEND
1

United States District Court
Northern District of California

28 U.S.C. § 1915(e)(2)(B)).  If so, the court must dismiss the complaint.

The standard for determining whether a plaintiff has failed to state a claim upon which relief may be granted under § 1915(e)(2)(B)(ii) is the same as that set forth in Federal Rule of Civil Procedure 12(b)(6).  *Giselle N.*, 694 F. Supp. 3d at 1196 (citing *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012)).  Dismissal for failure to state a claim under Rule 12(b)(6) is proper if "there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1988)).  In other words, the claim must satisfy the minimum pleading standard for the claim(s) at issue.  *Giselle N.*, 694 F. Supp. 3d at 1196.

The Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g) ("Supplemental Rules") govern social security actions brough pursuant to § 405(g) seeking review of a final decision of the Commissioner of Social Security.  Fed. R. Civ. P. Supp. Soc. Sec. R. 1(a).  Supplemental Rule 2(b) sets forth the currently applicable minimum pleading requirements for social security complaints.  *Giselle N.*, 694 F. Supp. 3d at 1197.  The complaint must: (1) state that the action is brought under § 405(g); (2) identify the final decision to be reviewed; (3) state the name and the county of residence of the person for whom benefits are claimed; (4) name the person on whose wage record benefits are claimed; and (5) state the type of benefits claimed.  Fed. R. Civ. P. Supp. Soc. Sec. R. 2(b)(1)(A)–(E).

Here, Plaintiff states that she has "exhausted [her] administrative remedies pursuant to 42 U.S.C. § 405(g)," describes the "unfavorable decision" issued by the ALJ on April 22, 2026, as the final decision to be reviewed, and indicates that Plaintiff is a resident of Alameda, California. Complaint ("Compl.") ¶¶ 1–2, 5–6, ECF No. 1.  Thus, the Court finds that the complaint satisfies the first, second, and third pleading requirements of Supplemental Rule 2(b)(1).  Additionally, the complaint includes the Plaintiff's full name, beneficiary notice code ("BNC") number, and the last four digits of Plaintiff's social security number.  Compl. ¶¶ 3–4.  Therefore, the Court finds that Plaintiff's complaint satisfies the fourth requirement of Supplemental Rule 2(b)(1).  *See Giselle*

Case No. 5:26-cv-05898-EJD
ORDER GRANTING IFP APPL.; DISMISSING COMPL. WITH LEAVE TO AMEND
2

United States District Court
Northern District of California

*N.*, 694 F. Supp. 3d at 1198.  The complaint, however, does not state the type of benefits claimed, as required by the final pleading requirement of Supplemental Rule 2(b)(1)(E).

For this reason, the Court finds that Plaintiff's complaint does not satisfy the minimum pleading requirements to state a claim for relief under the standards set forth in Supplemental Rule 2.

Accordingly, IT IS ORDERED THAT:

1.     Plaintiff's application to proceed IFP is GRANTED.

2.     Plaintiff's complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) with leave to amend.

**IT IS SO ORDERED.**

Dated: June 18, 2026

EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California

Case No. 5:26-cv-05898-EJD
ORDER GRANTING IFP APPL.; DISMISSING COMPL. WITH LEAVE TO AMEND
3