United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

KERRIE CRAWFORD,

Plaintiff,

v.

SSA COMMISSIONER, et al.,

Defendants.

Case No. 5:26-cv-05898-EJD

**ORDER SCREENING FIRST AMENDED COMPLAINT**

Re: ECF No. 6

Plaintiff Kerrie Crawford ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). On June 18, 2026, the Court granted Plaintiff's application to proceed *in forma pauperis* ("IFP") and screened and dismissed the original complaint with leave to amend. Order re IFP Appl., ECF No. 5. Plaintiff filed the first amended complaint ("FAC") on June 18, 2026. ECF No. 6.

## I. LEGAL STANDARD

The Court must review any complaint filed pursuant to the IFP provisions of § 1915(a) to determine whether the complaint is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). If the complaint survives the initial screening, the court ordinarily must "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). The Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g) ("Supplemental Rules"), which govern social security actions brought pursuant to § 405(g), provide that "[t]he court must notify the

Commissioner of the commencement of the action by transmitting a Notice of Electronic Filing to the appropriate office within the Social Security Administration's Office of General Counsel and to the United States Attorney for the district where the action is filed. . . . The plaintiff need not serve a summons and complaint under Civil Rule 4." Fed. R. Civ. P. Supp. Soc. Sec. R. 3.

The standard for determining whether a plaintiff has failed to state a claim upon which relief may be granted under § 1915(e)(2)(B)(ii) is the same as that set forth in Federal Rule of Civil Procedure 12(b)(6). *Giselle N. v. Kijakazi*, 694 F. Supp. 3d 1193, 1196 (N.D. Cal. 2023) (citing *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012)). The claim must satisfy the minimum pleading standard for the claim(s) at issue. *Giselle N.*, 694 F. Supp. 3d at 1196. Supplemental Rule 2(b) sets forth the currently applicable minimum pleading requirements for social security complaints. *Giselle N.*, 694 F. Supp. 3d at 1197.

## II. DISCUSSION

The Court previously found that Plaintiff's original complaint satisfied the first, second, third, and fourth pleading requirements of Supplemental Rule 2(b)(1). *See* Order re IFP Appl. 2 (finding that the original complaint stated that: administrative remedies were exhausted; a final decision was issued by the ALJ on April 22, 2026; Plaintiff is a resident of Alameda, California; and included Plaintiff's full name, beneficiary notice code number, and the last four digits of Plaintiff's social security number). The original complaint, however, did not state the type of benefit claimed, the fifth pleading requirement of Supplemental Rule 2(b)(1). Plaintiff's FAC addresses this deficiency and states that the Plaintiff seeks supplemental security income. FAC 2. For this reason, the Court finds that Plaintiff's FAC satisfies the minimum pleading requirements to state a claim for relief under the standards set forth in Supplemental Rule 2.

## III. CONCLUSION

Based on the foregoing mandatory screening under § 1915(e)(2)(B), Plaintiff's FAC may PROCEED.

United States District Court
Northern District of California

**IT IS SO ORDERED.**

Dated: July 28, 2026

EDWARD J. DAVILA
United States District Judge